### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LELYN EDWARD BODINE, | ) | |
|        Petitioner, | ) | |
| v. | ) | Case No. CIV-05-1164-M |
| | ) | |
| THE WARDEN OF JOSEPH HARP | ) | |
| CORRECTIONAL CENTER, | ) | |
|        Respondent. | ) | |

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, initiated this action by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Respondent has filed a Motion to Dismiss Mixed Petition and Brief in Support [Doc. ##12-13]. Petitioner has responded. *See* Petitioner's Answer to Respondent's Motion to Dismiss [Doc. #20]. It is recommended that Respondent's Motion to Dismiss Mixed Petition be denied and that Respondent be ordered to respond to the Petition.

### Relevant Case History

Petitioner was convicted after a jury trial in the District Court of Oklahoma County, State of Oklahoma, Case No. CF-2002-4112, of eleven counts of Lewd Acts or Indecent Proposals or Acts to a Child under Sixteen. Petitioner was sentenced to eleven, twenty-year terms of imprisonment to be served consecutively.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA). The OCCA affirmed Petitioner's conviction by Opinion filed December 3, 2004.

*See* Brief in Support of Habeas Petition [Doc. #7] Appendix Exhibit 5, OCCA Opinion.  On December 23, 2004, Petitioner filed a Petition for Rehearing in the OCCA.  The Petition for Rehearing reiterated the issues raised on direct appeal *See* Brief in Support of Habeas Petition, Appendix Exhibit 6.

In this habeas action, Petitioner raises four grounds for relief:

(1) "The Direct Appeal of the State was a 'Mask of Injustice' i.e., inadequate, ineffective and unmeaningful [sic] violating due process;"

(2) Petitioner's trial counsel "committed a significant serious error in his trial that was prejudicial;"

(3) The prosecutor's misconduct on two occasions rendered Petitioner's trial fundamentally unfair; and

(4) The trial court committed judicial misconduct when it did not disclose ex parte communications of the jury.

Petition at 4-6.

Respondent characterizes Petitioner's first ground for relief as a challenge to the effectiveness of Petitioner's appellate counsel.  As such, Respondent contends that Petitioner has filed a "mixed petition"[1] containing both exhausted and unexhausted claims.  Respondent states that Petitioner should be required to complete an application for post-conviction relief

---

[1] *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (habeas petition containing both exhausted and unexhausted claims is a "mixed Petition" which should be dismissed.  *See also* 28 U.S.C. 2254(b)(1)(A) (requiring exhaustion of remedies available in the state courts).

in order to raise the alleged ineffective assistance of appellate counsel claim and thereby exhaust his state court remedies.

In Petitioner's Answer to Respondent's Motion to Dismiss [Doc. #20], Petitioner denies that his first ground for relief alleges ineffective assistance of appellate counsel. In fact, Petitioner states that he "commends his appellate counsel for his job on appeal." Petitioner's Answer at 2.

Petitioner's argument is well-taken. It appears that in his first ground for relief, Petitioner was referring to the opinion of the OCCA as "inadequate, ineffective, and unmeaningful [sic]." Petitioner does not state that his appellate counsel was ineffective, nor does he supply arguments to that effect. While ground one is, perhaps, superfluous in that it is a general statement that the OCCA erred in its decision, ground one cannot be construed as a newly-raised, unexhausted claim. It is therefore recommended that Respondent's Motion to Dismiss Mixed Petition be denied and that Respondent be ordered to respond to the Petition for Writ of Habeas Corpus.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss Mixed Petition [Doc. #12] be denied and that Respondent be ordered to respond to the merits of the Petition.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by January __9th__, 2006. *See* Local Civil Rule 72.1. Failure to make timely objection to this

Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation does not terminate the referral by the District Judge.

DATED this  20th  day of December, 2005.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE